UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

HERBERT BERNARD JOHNSON,

    Defendant.

_____/

Case No. 21-MC-50683

HON. BERNARD A. FRIEDMAN

## **OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR RETURN OF PROPERTY**

This matter is presently before the Court on defendant's motion for return of property pursuant to Fed. R. Crim. P. 41(g). (ECF No. 1). The government has responded and defendant has replied. Pursuant to E.D. Mich. LR 7.1(f)(1), the Court shall decide this motion without a hearing. For the following reasons the Court shall deny the motion.

On March 27, 2018, this Court sentenced defendant to a 121-month prison term following a jury trial in which defendant was found guilty on three counts: attempted coercion and enticement of a minor, in violation of 18 U.S.C. § 2422(b) (Count1); travel with intent to engage in illicit sexual activity, in violation of 18 U.S.C. § 2423(b) (Count 2); and possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2) (Count 4). *See United States v. Johnson*, 775 F. App'x 794, 796-97 (6th Cir. 2019). The jury acquitted defendant of transportation of child pornography, in violation of 18 U.S.C. § 2252A(a)(1) (Count 3). *See id*. at 797. At the close of trial, defendant moved for a judgment of acquittal under Fed. R. Crim. P. 29, which the Court denied. *Id*.

Defendant subsequently filed a timely appeal challenging the Court's denial of his

motion for judgment of acquittal and claiming insufficient evidence as to all three of his convictions. *Id*. The court of appeals affirmed this Court's judgment of conviction as to all three counts. *Id*. at 799-800. Defendant then filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence and a motion to amend his § 2255 motion. (No. 15-20577, ECF Nos. 109, 114) Together, these motions raised twenty challenges to defendant's three convictions. On December 29, 2020, the Court denied his § 2255 motion and amended motion on both procedural and substantive grounds. (No. 15-20577, ECF No. 120). On January 28, 2021, defendant filed a notice of appeal of that decision, which remains pending before the Sixth Circuit. (No. 15-20577, ECF No. 122).

In the instant motion, defendant requests the return of $30 in cash, a black wallet, and a cell phone, all of which were seized from him on September 9, 2015, the evening of his arrest. (ECF No. 1, PageID.1; ECF No. 9, PageID.22). Defendant contends that "the government's interest in the property has ended" and that "[u]nder Rule 41, [a] district court has both the jurisdiction and the duty to return . . . contested property once the government's need for it has ended." (ECF No. 1, PageID.2) (internal quotation marks omitted).

In response, the government states that "the cash and wallet [were] returned to Johnson's former defense attorney on May 4, 2016 . . . [a]nd the cell phone remains a piece of evidence in this case." (ECF No. 9, PageID.22). The government contends that Rule 41(g) "does not provide a basis to require the government to return lawfully seized property while the matter is still [in] litigation." (*Id*., PageID.23). The government adds that the "FBI lawfully seized the cell phone. The general rule is that a defendant may seek return of property at the <u>end</u> of the criminal proceedings. Johnson himself has perpetuated the proceedings in this case by filing multiple post-conviction motions." (*Id*., PageID.23-24) (emphasis in original). The government states that it will

return defendant's cell phone to his "designee at the conclusion of his criminal proceedings." (*Id*., PageID.24).

In reply, defendant argues that his post-conviction challenges should not be considered a continuation of his criminal proceedings and that those proceedings ended once the judgment against him was made final. (ECF No. 11, PageID.30). Defendant contends that under the government's logic,

> if in the future [he] filed a motion for compassionate release, a motion for modification of conditions of supervised release, or such ancillary litigation . . . they would all allow the government to withhold property. And in a catch-22 situation, the Petitioner's own motion to return his property would trigger a right for the government to withhold the property.

(*Id*.). Defendant adds that the government has failed to show that the property at issue is contraband or that there is a "specific nexus between the property and a continuing criminal investigation." (*Id*., PageID.31). Defendant argues that the continued retention of his property is therefore unreasonable. (*Id*.). As to his cash and wallet, in particular, defendant contends that

> whether [his] attorney, Mr. Niskar, has mishandled the property is of no moment. Mr. Niskar was contracted by this Court and [was] acting in a capacity as an officer of the Court, as an agent of the government. To that end, the government is still responsible for the return of [defendant's] property.

(*Id*., PageID.32).

Fed. R. Crim. P. 41(g) states:

A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later

3

proceedings.

"The general rule is that seized property, other than contraband, should be returned to its rightful owner once the criminal proceedings have terminated," *Savoy v. United States*, 604 F.3d 929, 932 (6th Cir. 2010), or "once the government's need for it has ended." *United States v. Bowker*, 372 F.3d 365, 387 (6th Cir. 2004).

It is undisputed that defendant is the rightful owner of the property at issue. However, the government has indicated that defendant's cell phone continues to serve as evidence in this case, as his § 2255 motion remains pending before the Sixth Circuit. As to the phone's connection to defendant's three convictions, and his subsequent challenge of those convictions, the government has stated that

> [t]he day Johnson showed up at a park to pick up "Jason," [(the fictitious minor)] law enforcement arrested him. They seized his Apple iPhone 6, IMEI 354403060405535. The agents called the phone, using the same number that "Jason" used to communicate with Johnson. The phone audibly rang. The next day, agents obtained a federal search warrant to review the contents of the phone.

(ECF No. 9, PageID.23). Under Rule 41(g), "[w]hen the government has a continuing interest in the property, the property does not have to be returned. The government can demonstrate a continuing interest by showing that the property is contraband or necessary for an ongoing investigation." *United States v. Popham*, 382 F. Supp. 2d 942, 956 (E.D. Mich. 2005). *See also* Fed. R. Crim. P. 41(g) advisory committee's note to 1989 amendment ("If the United States has a need for the property in an investigation or prosecution, its retention of the property is generally reasonable."). The government has made such a showing in this case.[1]

---

[1] While in this case the Court concludes that the government has a continuing interest in the property based on defendant's pending § 2255 motion and motion to amend his § 2255

Finally, the government indicates that it returned defendant's wallet and cash to his former trial attorney on May 4, 2016. (ECF No. 9-1 (Receipt for Return of Prop.), PageID.27). Defendant nonetheless states that he has yet to receive this property. He contends that because defense counsel was Court-appointed, the government bears responsibility for returning the property to defendant, regardless of whether it did, in fact, return the property to defense counsel in 2016. The Court disagrees. Because the government states that the $30 in cash and wallet are no longer in its possession, defendant must turn to his former attorney for their return. Accordingly,

IT IS ORDERED that defendant's motion for return of property as to his wallet and $30 in cash is denied to the extent he seeks relief from the government.

IT IS FURTHER ORDERED that defendant's motion for return of property as to his cell phone is denied without prejudice. If the government does not return defendant's cell phone once his § 2255 motion has been conclusively resolved, he is free to seek relief under Rule 41(g) at that time.

Dated: January 11, 2022  
      Detroit, Michigan

s/Bernard A. Friedman  
BERNARD A. FRIEDMAN  
SENIOR UNITED STATES DISTRICT JUDGE

---

motion, the same conclusion would not necessarily apply to a motion for compassionate release, motion for modification of conditions of supervised release, or motion for return of property, as defendant argues. Unlike a § 2255 motion, such motions do not directly challenge a defendant's criminal conviction.

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 11, 2022.

| | |
|---|---|
| Herbert Bernard Johnson, 51407-039<br>Federal Correctional Institution<br>9595 W. Quincy Ave.<br>Littleton, CO 80123 | s/Johnetta M. Curry-Williams<br>Case Manager |