UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff                        Case No. 21-mc-50683

v.                                      Hon. Bernard A. Friedman

HERBERT BERNARD JOHNSON,

       Defendant.

_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART THE RENEWED MOTION FOR RETURN OF CELL PHONE

This matter is before the Court on a renewed motion for return of cell phone filed by Herbert Johnson. (ECF No. 13). The government has filed a response, Johnson replied, and the government filed a sur-reply at the request of the Court. (ECF Nos. 18, 19, 21). Pursuant to E.D. Mich. LR 7.1(f)(1), the Court shall decide the motion without a hearing. The motion is granted in part and denied in part.

Johnson was convicted by a jury of attempted coercion and enticement of a minor, travel with intent to engage in illicit sexual activity, and possession of child pornography. *United States v. Johnson*, 775 F. App'x 794, 794-95 (6th Cir. 2019). He was sentenced to 121 months of incarceration. *Id.* at 797.

In April 2021, Johnson filed a motion for return of seized property seeking the return of $30 cash, an Apple iPhone, and a black wallet with a driver's license and

1

multiple credit cards and store cards. (ECF No. 1, PageID.1). Johnson urged that the property had been taken from him on September 9, 2015. (*Id.*). In January 2022, the Court entered an Opinion and Order denying Johnson's motion. (ECF No. 12). The Court noted that the government stated that the cash and wallet had been provided to Johnson's former attorney and accordingly directed Johnson to turn to that former attorney for their return. (*Id.*, PageID.44). As to the cell phone, the motion was denied without prejudice given the government's continuing interest in the property as Johnson was still challenging his criminal conviction. (*Id.*, PageID.43-44).

Johnson has now filed the instant renewed motion for return of the cell phone. (ECF No. 13). He contends that after his criminal proceedings ended, he requested the phone from the government but that his request went unanswered. (*Id.*, PageID.47). He urges the Court to order the government to immediately return his property.

The government has filed a response, noting that Johnson is completing his sentence at a Residential Reentry Center in Detroit. (ECF No. 18, PageID.58). The government indicates that it "is not opposed to returning the property after the phone is factory-reset to delete any contraband." (*Id.*). But, the government notes, "one problem remains: Johnson cannot have a cellular device that access[es] the internet or have a cellular device that takes pictures while he resides at the Reentry Center."

(*Id.*).  To accommodate the request, the government indicates that "[i]f Johnson provides the government with the name and address of a third party willing to take possession of the device, FBI can arrange to return it, and the government will file a notice of return and receipt with the Court." (*Id.*).

In reply, Johnson indicates that he is not opposed to returning the phone to a third party, but he objects to the government's intention to perform a factory reset, arguing that "wiping" the phone in that regard would "destroy[] his digital data." (ECF No. 19, PageID.62).  Johnson further asserts that he "provided [an FBI] agent full access to the phone and the agent later testified that there was no contraband on the phone." (*Id.*).

The Court solicited a sur-reply from the government addressing whether there was any evidence that the phone contained contraband and why the government believed that a total factory reset was required.  (ECF No. 20).  The government has now filed a sur-reply which explains the nature of the evidence on the phone.  (ECF No. 21).  The sur-reply further explains that given the defendant's "technical abilities, and the danger of old remnants/passwords/encryptions that may [have] existed in Defendant's accounts, the iPhone was factory reset in preparation to be returned." (*Id.*, PageID.70).[1]

---

[1] The government also indicates that Johnson "has never been entitled to the return of his Apple iPhone 6," as he was notified that it would be forfeited upon conviction. (Id., PageID.68).  The government states that all of Johnson's electronics were seized

3

Given the evidence on the phone in this case and how technically adept the defendant is known to be, the Court agrees with the government that a total factory reset is appropriate to ensure no contraband is returned to the defendant. The Court understands that this has already taken place. Both sides appear to agree with the government's suggestion to return the phone to a third party. The Court finds this plan to be acceptable. Accordingly, it is hereby,

ORDERED that the renewed motion for return of cell phone, (ECF No. 13), is GRANTED IN SO FAR AS if Johnson provides the government with the name and address of a third party willing to accept the phone within fourteen (14) days from the date of this Order, the government shall, within fourteen (14) days thereafter, return the factory-reset phone to that third party. The motion is otherwise DENIED.

**SO ORDERED.**

Dated: February 29, 2024  
    Detroit, Michigan

s/Bernard A. Friedman  
Bernard A. Friedman  
Senior United States District Judge

---

and forfeited, "but by virtue of a technical error, the iPhone was not included." (Id., PageID.69).

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on February 29, 2024.

**Herbert Bernard Johnson, 51407-039**  
8333 Townsend Street  
Detroit, MI 48213

s/Johnetta M. Curry-Williams  
Case Manager